Steven R. VAN DEURZEN, Scott D. Van Deurzen, and Susan Van Deurzen, Plaintiffs-Appellants,

HEALTHCARE COST RECOVERY, INC., a/k/a Touchpoint Health Plan, Involuntary-Plaintiff-Respondent,

v.

YAMAHA MOTOR CORPORATION USA, Yamaha Motor Manufacturing Corporation of America, Yamaha Motor Company, Ltd, Indemnity Company of North America, c/o Cigna Property and Casualty Company, Defendants-Respondents.

Court of Appeals

*No. 03–2417. Submitted on briefs August 11, 2004.—Decided September 29, 2004.*

2004 WI App 194

(Also reported in 688 N.W.2d 777.)

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *David W. Neeb, Kathy L. Nusslock* and *Daniel J. Borowski* of *Davis & Kuelthau, S.C.* of Milwaukee.

On behalf of the defendants-respondents Indemnity Company of North America, c/o Cigna Property and Casualty Company, the cause was submitted on the brief of *Timothy A. Bascom* and *Amy J. Wilkinson* of *Bascom, Budish & Ceman, S.C.* of Wauwatosa.

On behalf of the defendants-respondents Yamaha Motor Corp., USA, Yamaha Motor Manufacturing Corp.

of America, and Yamaha Motor Co., Ltd., the cause was submitted on the brief of *Peter J. Hickey* and *Kenneth R. Baumgart* of *Everson, Whitney, Everson & Brehm, S.C.* of Green Bay.

Before Anderson, P.J., Brown and Snyder, JJ.

¶ 1. BROWN, J. This action by Steven R. Van Deurzen, his mother and his brother arose from a jet ski accident in which Steven's arm was amputated. The plaintiffs successfully convinced the trial court that the accident occurred on navigable waters and that maritime law should apply. It turned out to be a Pyrrhic victory when a judgment and order of the trial court dismissed the claim as time-barred by a maritime statute of limitations. Now on appeal, new counsel takes the opposite position, arguing that the trial court erred in applying maritime law to this action. This case presents a textbook example of judicial estoppel, and we therefore affirm. The appellants went to great lengths to persuade the court that Little Lake Butte des Morts was a navigable waterway, and we will not now hold that the court's factual finding was erroneous.

¶ 2. The accident occurred on June 12, 1997. Gordon H. Anderson allowed his son Adam and a group of other boys, including Steven and Scott Van Deurzen, to take out his Yamaha WaveRunner III on Little Lake Butte des Morts. Scott and Steven, ages seventeen and fourteen, respectively, had little experience with personal watercraft. Scott had never operated a personal watercraft alone, and Steven had never even ridden on such a vehicle. While the first boy skied, Scott operated the WaveRunner and Steven spotted, facing the rear of the craft. When five or ten minutes had passed, the skier finished and Steven began to wind up the ski rope,

looping it around his right elbow. The boys had planned to go back to the dock to pick up another skier, so when Steven had gathered the rope, he hung onto the boat with his free hand and signaled to his brother that he was ready. Scott accelerated, and Steven fell overboard. Because he still had the tow rope wrapped around his elbow, his arm snapped off during the fall. The boys were able to retrieve the amputated arm, which doctors later reattached, but Steven no longer has significant use of the arm.

¶ 3. Three years and two weeks after the accident, on June 26, 2000, Steven filed suit for the injuries he sustained from the incident. His mother, and brother are coplaintiffs in this action. Susan sued for loss of enjoyment of Steven's companionship during his youthful years, and Scott brought suit for negligent infliction of emotional harm "from witnessing his brother's injury and participating in the injurious event." The complaint named several defendants, including: (1) Gordon Anderson; (2) Indemnity Insurance Company of North America and USAA Insurance Company, Anderson's two insurers; and (3) Yamaha Motor Corp., USA, the manufacturer of the WaveRunner III. The Van Deurzens later amended their complaint to name two designers of the craft as additional defendants: Yamaha Motor Manufacturing Corp. of America and Yamaha Motor Co., Ltd.

¶ 4. On the morning of May 5, 2003, the day trial was to begin, the defendants moved to adjourn, having just learned the previous Friday that the plaintiffs planned, for strategic reasons, to invoke maritime law instead of Wisconsin substantive law. The court elected to let the trial proceed, given that whether maritime law applied would not change the factual issues. It indicated that its ruling on the issue of which substan-

tive law to apply would ultimately turn on the factual question of whether the scene of the accident was a navigable waterway. Accordingly, midtrial, the plaintiffs made an offer of proof with respect to Little Lake Butte des Morts' navigability status. Their witness, the project manager for the U.S. Army Corps of Engineers, gave the following testimony:

Q: Did we ask you to check and see if the Corps of Engineers had any records relative to the navigability of the Fox River?

A: Yes you did.

. . . .

A: This is a copy of a General Permit that the Corps of Engineers issues for activities in waterways in the State of Wisconsin . . . .

Q: And does it have any indication on the face of it as to whether or not the Fox River and Lake Butte des Morts in particular is a navigable waterway as far as the Corps of Engineers is concerned?

A: Yes. As part of the document [admitted as Exhibit 34], we have a list of the waterways that the Corps of Engineers has indicated are navigable and under our jurisdiction under Section 10 of the Rivers and Harbors Act of 1899. One of the waterways listed is the Fox River including Little Lake Butte des Morts.

Following this testimony, the court indicated that it would probably rule in favor of applying maritime law, so the defendants moved to dismiss, based on 46 U.S.C.

app. § 763a (2004).[1] Section 763a is a three-year maritime statute of limitations with no tolling period for minority. The jury returned a verdict favorable to Steven, but the court ruled postverdict that maritime law, including § 763a, applied, resulting in dismissal. The Van Deurzens appeal this ruling as error.

¶ 5. We hold that judicial estoppel precludes the Van Deurzens from asserting that maritime law was inapplicable to their case. When we invoke this doctrine, we determine independently the elements and the considerations involved. *State v. Johnson*, 2001 WI App 105, ¶ 9, 244 Wis. 2d 164, 628 N.W.2d 431. Judicial estoppel has three identifiable boundaries: (1) the party's position is clearly inconsistent with his or her prior position; (2) the party to be estopped succeeded below in selling its position to the court; and (3) the facts at issue are the same. *Id.*, ¶ 10. The Van Deurzens' contention that maritime law is inapplicable because Little Lake Butte des Morts is not navigable clearly contradicts their position at trial that maritime law applied because the accident occurred on navigable waters. Moreover, this earlier position succeeded at trial.

¶ 6. We conclude that the third, "same facts" requirement also supports judicial estoppel in this case. The Van Deurzens' assertion that their "proposed supplementation of the record establishes beyond any doubt that Little Lake Butte des Morts fails [the navigability] test" wholly ignores the fact that this supplementation is not *currently* part of the record. We

[1] All references to the United States Code are to the 2004 version unless otherwise noted.

do not normally consider evidence presented for the first time on appeal. *Cf. Jenkins v. Sabourin*, 104 Wis. 2d 309, 313–14, 311 N.W.2d 600 (1981) (court will not consider facts outside of pleadings in its review of a motion to dismiss). Moreover, we decline the Van Deurzens' invitation to make these supplemental facts part of the record via judicial notice. Presumably, a great deal of this information was available for them to present at trial, including, among others, public records consistent with their current representations that "[o]peration of locks on the Upper Fox River was suspended in 1951," lock operating machinery removed, and the lock gates themselves removed in the early 1960s.

¶ 7. The Van Deurzens protest that judicial notice of state and federal statutes is mandatory. Thus, they argue, we must nonetheless take notice of certain Wisconsin and federal statutory provisions that indicate the nonnavigable nature of the waterway in question. The substance of those statutes is irrelevant, however, because they are not *new* facts. They are the "same facts" that were available at trial. *Cf. State v. Fosnow*, 2001 WI App 2, ¶ 9, 240 Wis. 2d 699, 624 N.W.2d 883 ("[n]ewly discovered evidence" does not include the newly discovered importance of evidence available at trial but not used).

¶ 8. Not surprisingly, the Van Deurzens attempt to get out from under judicial estoppel by arguing that it does not apply. Their argument is basically as follows: Parties may not stipulate to subject matter jurisdiction, nor may they confer it on a court that lacks it by estoppel or waiver. Maritime law is a matter of subject matter jurisdiction. In 28 U.S.C. § 1333(1), Congress gave federal district courts exclusive subject matter jurisdiction over civil cases of admiralty and maritime

jurisdiction, except that state courts retained concurrent jurisdiction to the extent that they would otherwise have provided a remedy for the suitor. Thus, unless Little Lake Butte des Morts was a navigable waterway for purposes of maritime law, this case involved no maritime tort. The trial court therefore had no concurrent maritime jurisdiction and had no authority to apply maritime substantive law to this case, even if the parties so requested.

■■■■

¶ 9. We are unconvinced that the trial court lacked subject matter jurisdiction. When we review whether a court had subject matter jurisdiction, we apply the de novo standard of review. *J.W. v. M.W.G.*, 145 Wis. 2d 308, 310, 426 N.W.2d 112 (Ct. App. 1988). Our supreme court in *Mueller v. Brunn*, 105 Wis. 2d 171, 313 N.W.2d 790 (1982), clarified that the Wisconsin Constitution confers upon the circuit courts "subject matter jurisdiction to entertain actions of *any nature whatsoever.*" *Id.* at 176 (emphasis added). The Van Deurzens' argument, however, hints that 28 U.S.C. § 1333 somehow restricts concurrent jurisdiction by preemption. Assuming this proposition is correct, they still cannot prevail. All of the parties agree that if maritime law applied, the trial court certainly had jurisdiction. Thus, we are left with the mixed factual and legal question of whether Little Lake Butte des Morts was navigable, such that maritime law applied. All parties further agree that, as a matter of law, maritime law will apply if the waters were navigable at the time of the incident, so we need not reach the legal aspect. The navigability of the lake presents a question of fact, however, because it merely describes the condition of the lake at the time of the incident without attributing any significance thereto. *See* Clarence Mor-

823

ris, *Law and Fact,* 55 HARV. L. REV. 1303, 1329 (1942). We normally leave a circuit court's findings of fact undisturbed in the absence of clear error. *See Fireman's Fund Ins. Co. of Wis. v. Bradley Corp.,* 2003 WI 33, ¶ 67, 261 Wis. 2d 4, 660 N.W.2d 666.

¶ 10. The trial court accepted as credible the only evidence it heard on the matter: the project manager's testimony and an exhibit, which stated that the lake was in fact navigable and that the United States Army Corps of Engineers regulated it accordingly. We do not consider that acceptance to be clear error when the parties failed to bring any other pertinent law or facts bearing on the issue to the court's attention. If the evidence was misleading, we will not attribute the error to the trial court.

¶ 11. Although the Van Deurzens cannot prevail for the reasons discussed above, we also remain unconvinced by their contention that the application of maritime law is jurisdictional rather than merely a matter of which substantive law applies. According to THE LAW OF DAMAGES IN WISCONSIN, ch. 27, pp. 3–4 (Russell M. Ware ed., 3d ed. 2000):

> Jurisdiction in admiralty is not to be confused with the applicability of maritime law. Courts have created confusion between these two concepts by improper use of the term "admiralty law." *Admiralty* is a jurisdictional term. *Maritime* is a substantive law term .... Maritime substantive law applies to all cases arising out of occurrences on navigable waters of the United States.[2]

---

[2] We note that Attorneys David W. Neeb and Kathy L. Nusslock, appellate counsel for the Van Deurzens, coauthored ch. 27. *See* THE LAW OF DAMAGES IN WISCONSIN, ch. 27, p. 1 (Russell M. Ware ed., 3d ed. 2000).

*See also Wheeldin v. Wheeler*, 373 U.S. 647, 665 n.14 (1963) (Brennan, J., dissenting) (characterizing general maritime law as a body of federal decisional law). Because we conclude that the application of maritime law merely involved choice of law considerations, the Van Deurzens were free to stipulate to which law they wished to apply to their suit. *See Muslin v. Frelinghuysen Livestock Managers, Inc.*, 777 F.2d 1230, 1231 n.1 (7th Cir. 1985) (parties may waive or stipulate to choice of substantive law).

¶ 12. We conclude that the trial court's finding that Little Lake Butte des Morts was a navigable waterway constitutes a final historical fact which may not be revisited. Consequently, its application of maritime law was proper. Even if it were not, whether or not to apply maritime law involved a choice of substantive law only, not a question of subject matter jurisdiction. Thus, the doctrine of judicial estoppel applies. The Van Deurzens cannot now contest the trial court's factual finding that the lake was navigable when they were the parties who urged the court to so find.

*By the Court.*—Judgment and order affirmed.